The trial court, and now this Court, have determined as a matter of law that the words "all mineral [singular] reserved to the United States" are unambiguous and mean that the grantor reserved all the minerals, instead of just the coal, which everyone agrees had been reserved in the original patent from the United States. In reaching this conclusion, the majority holds that "[t]he phrase 'to the United States' is merely an erroneous recitation of the prior reservation." Opinion at 1082.
I cannot agree with that holding. In view of the language used in the prior conveyances, and particularly the language in the original patent from the United States, which reserves "to the United States all coal in lands so patented, and to it, or persons authorized by it, the right to prospect for, mine and remove coal from the same upon compliance with the conditions of and subject to the limitations of the Act of June 22, 1910 (36 Stat. 583)," it seems to me that the reservation in the subject deed of "all mineral [singular] reserved to the United States," logically refers to the reservation of the coal to the United States in the original patent. At best, the language used in the subject deed contains a latent ambiguity; therefore, I conclude that the summary judgment was inappropriate. Consequently, I must respectfully dissent.